IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Eva Shuler,<br><br>　　　　Plaintiff,<br><br>V.<br><br><br>Walmart Inc,<br><br>　　　　Defendants. | C/A No.:　　4:25-cv-13320-JD-KDW<br><br><br>COMPLAINT<br>**Jury Trial Requested** |

Plaintiff, Eva Shuler, by and through undersigned counsel, brings this action against Defendant Walmart and asserts claims for Violation of the Age Discrimination in Employment Act, Religious Discrimination, and Retaliation, based upon the following allegations.

## ADMINISTRATIVE CHARGE

Plaintiff has exhausted all administrative remedies and prerequisites prior to filing this lawsuit, including timeliness, deferral, and all other jurisdictional requirements necessary for the maintenance of this Action, as described below:

a. Plaintiff timely filed a Charge with the Equal Employment Opportunity Commission ("EEOC") on May 31, 2024.

b. Plaintiff <u>received</u> a Notice of Right to Sue from the EEOC on August 11, 2025.

Plaintiff has timely filed this action within (90) days from the date on which she received her Notice of Right to Sue.

1

## JURISDICTION AND VENUE

1. Jurisdiction is proper under 28 U.S.C. §§1331 and 1343 because this action arises under federal laws prohibiting discrimination in employment.

2. The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367(a).

3. Venue is proper in the Florence division because the Causes of Action arose therein, the acts and practices complained of occurred there and it is where the Defendant does business and may be found.

## PARTIES

4. .       Plaintiff is a 68-year-old female citizen of the United States and resides in Timmonsville, South Carolina.

5.        Defendant Wal-Mart Stores, Inc., is a corporation that does business within the State of South Carolina. Defendant is an employer within the meaning of 42 U.S.C. Section 2000e et. seq.

## FACTS

6. Plaintiff is a 68-year-old African American female who began employment with Defendant on or about October 21, 1985, and remained employed continuously until her termination on May 6, 2024.

7. Throughout her nearly four decades of service, Plaintiff consistently performed her job duties in an exemplary manner, meeting and exceeding Defendant's performance

expectations. She maintained an unblemished record and never received any disciplinary actions during her tenure.

8. During her employment, Plaintiff held multiple positions, including managerial roles. As she advanced in age, she voluntarily elected to step down from her management position and assume the role of Customer Service Host, continuing to perform her duties with excellence and professionalism.

9. Plaintiff maintained positive and professional working relationships with her previous Store Managers, Supervisors, and District leadership, all of whom were Caucasian. Her prior managers treated her with respect and valued her contributions to the company.

10. Around mid-2022, the Defendant underwent a shift in its management structure. The new management team consisted of District Manager Kendra Pearson (African American), Store Manager Bobby Green (African American), and Supervisor Pernell Waiters (African American).

11. Plaintiff is a devout and active member of The Mary Magdalene Freewill Baptist Church in Lamar, South Carolina, which observes strict Saturday and Sunday worship as part of its religious ordinances. This longstanding religious practice was well known to Defendant and had been consistently accommodated throughout Plaintiff's employment. Throughout Plaintiff's employment, she consistently maintained an update in her personnel file indicating that she was unable to work on Saturdays and Sundays due to her devotion to God..

12. Shortly after the new management team's arrival, Plaintiff began to experience continuous age-based harassment from her Supervisor, Pernell Waiters, who made repeated and offensive comments such as:

- "Are you going to die here?"
- "I thought you were going home to sit on the porch."
- "After 50 years, why are you still here?"

13. Plaintiff was humiliated and deeply offended by these remarks. She directly asked Mr. Waiters to stop making such comments and reported his behavior to higher management. Despite her complaints, Defendant failed to take any corrective action.

14. The hostile work environment persisted, with age-related comments continuing on a frequent basis. Defendant's management took no action to address the harassment, thereby permitting the discriminatory conduct to continue unchecked.

15. In addition to the ongoing age discrimination, the new management team began retaliating against Plaintiff after she complained, by attempting to force her to work on Saturdays and Sundays, directly conflicting with her religious beliefs and established scheduling accommodations.

16. Defendant's scheduling and personnel records clearly demonstrate that all prior managers had respected and accommodated Plaintiff's religious observances for many years without issue. However, the new management team deliberately sought to alter this long-standing practice.

17. Plaintiff was repeatedly told that if she did not comply with working on her religious days, her continued employment would be in jeopardy. This conduct was intentional, coercive, and retaliatory, designed to pressure her to abandon her religious beliefs or resign from her position.

18. Plaintiff exhausted all internal complaint procedures, escalating her concerns through the chain of command and to Defendant's Corporate Human Resources Office in

4

Bentonville, Arkansas. Despite assurances that her complaints would be investigated, no remedial action was taken.

19. The store where Plaintiff worked was adequately staffed on weekends, and there was no legitimate business justification for requiring her to violate her religious beliefs. Defendant's actions were pretextual and discriminatory in nature.

20. On or about May 6, 2024, Defendant terminated Plaintiff's employment under circumstances that give rise to a strong inference of discrimination and retaliation.

21. As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress, humiliation, pain and suffering, loss of wages, loss of benefits, and damage to her professional reputation.

22. Defendant's conduct constitutes violations of the Age Discrimination in Employment Act (ADEA) and Title VII of the Civil Rights Act of 1964, as amended, including discrimination based on age, religious beliefs, and retaliation for protected activity. Additional state law causes of action also arise from the same unlawful conduct.

**FIRST CAUSE OF ACTION:**
*AGE DISCRIMINATION IN VIOLATION OF THE ADEA (29 U.S.C. §621 et seq.)*

23. Plaintiff realleges and incorporates all preceding paragraphs as if fully restated herein.

24. Plaintiff was 68 years old at the time of her termination, well within the protected class under the Age Discrimination in Employment Act.

25. Plaintiff was qualified for her position and had performed her duties in an exemplary manner for nearly four decades without disciplinary history or poor performance evaluations.

26. Beginning in or around mid-2022, after a change in management, Plaintiff became the target of repeated and offensive age-related remarks by her supervisor, Pernell Waiters, who made such comments as:

- "Are you going to die here?"
- "After 50 years, why are you still here?"
- "I thought you were going home to sit on the porch."

27. These remarks were not isolated or joking; they were continuous, public, and degrading, and created a hostile work environment intended to push Plaintiff out due to her age.

28. Plaintiff complained multiple times to management, including to Store Manager Bobby Green, District Manager Kendra Pearson, and Defendant's corporate Human Resources department, but no corrective action was taken.

29. Instead, Plaintiff's complaints were ignored and dismissed, and she was subjected to increased scrutiny, schedule manipulation, and ultimately termination.

30. Defendant's stated reason for terminating Plaintiff alleged "attendance or scheduling issues" was false and pretextual. In truth, Defendant terminated Plaintiff because of her age and her refusal to tolerate ageist harassment.

31. Defendant's conduct constitutes a willful violation of the ADEA, 29 U.S.C. §623(a)(1), which makes it unlawful to discharge or otherwise discriminate against an employee because of age.

## SECOND CAUSE OF ACTION:

*RELIGIOUS DISCRIMINATION AND FAILURE TO ACCOMADATE*

*(TITLE VII, 42 U.S.C. §2000E-2(A)(1))*

32. Plaintiff realleges and incorporates all preceding paragraphs.

33. Plaintiff is a devout member of The Mary Magdalene Freewill Baptist Church, which observes Saturday and Sunday as days of worship and rest. Plaintiff's religious beliefs are sincerely held.

34. For over 35 years, Defendant consistently accommodated Plaintiff's religious observance, allowing her to refrain from work on her Sabbath.

35. Following Plaintiff's age-related complaints, the new management team, including Waiters, Green, and Pearson, intentionally and maliciously disrupted this longstanding accommodation by scheduling her to work on Saturdays and Sundays.

36. Plaintiff repeatedly informed management that these schedules violated her religious beliefs and requested to return to her previous schedule, but her requests were denied without legitimate business justification.

37. Defendant's conduct was designed to coerce Plaintiff to abandon her faith or force her resignation.

38. Defendant's actions constitute both:

- Religious discrimination refusal to accommodate religious beliefs; and
- Hostile work environment harassment based on religion.

39. Title VII requires employers to reasonably accommodate employees sincerely held religious beliefs unless doing so would impose an undue hardship. Defendant made no such showing here, as the store was adequately staffed on weekends.

40. Defendant's refusal to accommodate, combined with its hostility toward Plaintiff's religious observance, directly violates Title VII, 42 U.S.C. §2000e-2(a).

## THIRD CAUSE OF ACTION:

*RETALIATION IN VIOLATION OF TITLE VII AND THE ADEA (42 U.S.C. §2000e-2(a); 29 U.S.C. § 621 et seq. and § 623(d)*

41. Plaintiff realleges and incorporates all preceding paragraphs.

42. Plaintiff engaged in protected activity when she:

- Reported and opposed age-based harassment by Supervisor Waiters;
- Reported religious discrimination and the denial of her religious accommodation; and
- Filed internal complaints up to and including Defendant's corporate Human Resources department.

43. Defendant was fully aware of Plaintiff's protected activity.

44. Shortly thereafter, Defendant retaliated against Plaintiff by:

- Increasing age-based ridicule and hostility;
- Altering her work schedule to conflict with her religious observance;
- Denying previously granted accommodations;
- Creating a hostile and intimidating environment; and
- Ultimately terminating her employment on May 6, 2024.

45. Defendant's conduct would have dissuaded a reasonable employee from continuing to complain about discrimination.

46. Defendant's stated reasons for termination were pretextual and intended to conceal unlawful retaliation.

47. Defendant's retaliation directly violated Title VII, 42 U.S.C. §2000e-2(a), and the ADEA, 29 U.S.C. §623(d).

## JURY TRIAL REQUESTED

1. Plaintiff requests a jury trial.

## PRAYER FOR RELIEF

2. **WHEREFORE**, Plaintiff prays that this Honorable Court declares that Defendant Walmart Inc. actions complained of herein violated the rights guaranteed to Plaintiff and issue its judgment:

    a. Declaring the actions complained of herein illegal;

    b. In favor of Plaintiff and against the Individual Defendants for all causes of action herein alleged in an amount which is fair, just, and reasonable, and for actual, compensatory, special, and punitive damages;

    c. In favor of Plaintiff and against the Defendants for all causes of action in an amount which is fair, just and reasonable;

48. Issuing an injunction enjoining Defendants, their Agents, Employees, Successors, Attorneys and those acting in concert or participation with Defendants, and at their direction from engaging in the unlawful practices set forth herein and any other

employment practices shown to be in violation of Title VII, 42 U.S.C. §2000e-3(a), and the ADEA, 29 U.S.C. §623(d).

d. Awarding Plaintiff actual and compensatory damages for each Cause of Action contained herein as appropriate, which the jury should find appropriate as a result of Defendants' unlawful discriminatory actions taken as a result of Plaintiff's Age and other pled causes of action, including: physical and mental anguish, pain and suffering, harm to Plaintiff's economic opportunities (present and future), any back pay, front pay and future earnings with cost of living adjustments, prejudgment interest, fringe benefits and retirement benefits;

e. Awarding Plaintiff her costs and expenses in this action, including reasonable Attorney's fees, and other litigation expenses; and

f. Granting such other and further relief as may be just and necessary to afford complete relief to the Plaintiff as this Court may deem just and proper.

Respectfully Submitted,

By: ___s/Donald Gist_____
Donald Gist
dtommygist@yahoo.com
***GIST LAW FIRM, P.A.***
4400 North Main Street
Columbia, South Carolina 29203
Telephone: (803) 771-8007
Fax: (803) 771-0063

November 7, 2025